JUDGE SWAIN

11 CIV 7084

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————X

MARIO REYES,

           Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE
MARTIN CAMPOS, shield # 00176, DETECTIVE
VICTOR CARDONA, shield # 00446, SERGEANT
BRIAN MCALLISTER, shield # 3940, POLICE
OFFICERS JANE/JOHN DOE(S) #'s 1-10.

           Defendants.
———————————————————X

**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY



        PLAINTIFF MARIO REYES, by his attorney DAVID A. ZELMAN, ESQ., for his

COMPLAINT, alleges upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which PLAINTIFF MARIO REYES (hereinafter

"REYES") seeks damages to redress the deprivation, under color of state law, of rights

secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United

States Constitution. On or about April 9, 2011, at approximately 12:30 p.m., at or near

the intersection of 117th Street and Park Avenue, New York, New York, REYES was

subjected to an illegal stop in violation of his Fourth Amendment rights by Defendants,

including, but not limited to, DETECTIVE MARTIN CAMPOS, shield # 00176,

DETECTIVE VICTOR CARDONA, shield # 00446, SERGEANT BRIAN

MCALLISTER, shield # 3940, and POLICE OFFICERS JOHN DOE(S) (hereinafter

"Defendants"). It is further alleged that Defendants assaulted REYES inside the 25th

precinct in violation of his constitutional rights. As a result of the excessive force used by Defendants, REYES suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. REYES at all times relevant hereto resided at 100 West 123rd Street, Apartment 1A, New York, New York 10035.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant DETECTIVE MARTIN CAMPOS, shield # 00176 (hereinafter "CAMPOS") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. CAMPOS is sued in his individual and official capacity.

6. Defendant DETECTIVE VICTOR CARDONA, shield # 00446 (hereinafter "CARDONA") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. CARDONA is sued in his individual and official capacity.

7. Defendant SERGEANT BRIAN MCALLISTER, shield # 3940 (hereinafter "MCALLISTER") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MCALLISTER is sued in his individual and official capacity.

8. Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD police officers and/or detectives, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their individual and official capacities.

9. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10. On or about April 9, 2011 at approximately 12:30 p.m., REYES was walking on 117th Street near the intersection with Park Avenue.

11. As REYES was walking an unmarked vehicle approached and a man in street clothes approached him. He did not identify themselves as a police officer.

12. He asked REYES, "What do you have in your pocket?"

13. REYES, not knowing the man was a police officer and believing he was being mugged, tussled with the man for the contents of his pocket.

14. REYES fell to the ground and the police officer got on top of him. REYES was handcuffed when he was on the ground.

15. Other police officers arrived at the scene with a police vehicle. REYES was placed in the police vehicle and transported to the 25th precinct.

16. Two police officers took REYES to a strip search holding cell and told him to start removing his clothing.

17. When he was in his underwear, one officer grabbed REYES's left arm and another officer grabbed his right arm. Five or six officers then assaulted REYES.

18. As a result of the assault by Defendants, REYES suffered physical injuries, including but not limited closed fracture to left 7th, 8th and 9th ribs in the lateral-front rib cage, dislocated right elbow, nerve damage to his wrist, gastrointestinal hemorrhage, and contusions to Plaintiff's arm and torso.

19. REYES was seen by EMS at the precinct, who determined he needed to go to the hospital because of the condition of his elbow.

20. REYES was held for another three to four more hours before being taken to the hospital.

21. REYES was then transported to Bellevue Hospital, where he was treated for his injuries including having his arm x-rayed and put in a sling. REYES was at the hospital for approximately four hours.

22. REYES was then transported to Manhattan Central Booking.

23. REYES was then held at Central Booking until approximately 1:30 p.m., on April 10, 2011, when he was arraigned.

24. REYES was charged with P.L. § 215.40(2) (tampering with evidence), P.L. § 120.05(3) (assault in the second degree), P.L. § 205.30 (resisting arrest) and P.L. § 220.03 (criminal possession of a controlled substance in the seventh degree).

25. REYES was incarcerated at Rikers Island for approximately 60 days.

26. REYES received medical treatment for his injuries while incarcerated at Rikers Island, including receiving x-rays of his ribs and elbow and pain medication.

27. On or about June 9, 2011, REYES pled guilty to P.L. § 220.03 and received a sentence of time served.

28. That heretofore and on the 24th day of February, 2010, REYES's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of REYES, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

29. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL INVESTIGATORY DETENTION)

30. Paragraphs 1 through 29 of this complaint are hereby realleged and incorporated by reference herein.

31. That Defendants stopping REYES and demanding to know the contents of his pocket constituted a seizure.

32. That Defendants had neither valid evidence nor legal cause or excuse to seize and detain REYES.

33. That in detaining REYES without reasonable suspicion that criminal activity had occurred or was about to occur, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely stopped persons without reasonable suspicion of criminal activity. REYES was but one of those persons.

34. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

35. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

36. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of REYES's rights alleged herein.

37. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of REYES's rights, subjected REYES to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

38. By reason of the foregoing, REYES suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
Pursuant to State Law (ILLEGAL INVESTIGATORY DETENTION)

39. Paragraphs 1 through 38 are hereby realleged and incorporated by reference herein.

40. That Defendants stopping REYES and demanding to know the contents of his pocket constituted a seizure.

41. That the seizure of REYES was unlawful in that Defendants had no reasonable suspicion to detain him.

42. That Defendants lacked reasonable suspicion that REYES committed a crime or was about to commit a crime.

43. That REYES actions prior to being stopped by Defendants were innocuous and readily susceptible of an innocent interpretation.

44. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of REYES's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

45. That by reason of the foregoing, REYES suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

46. Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

48. That Defendants had no legal cause or reason to use excessive force in effectuating REYES's arrest.

49. That Defendants violated REYES's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

50. That at the time of the arrest or while in custody, REYES did not pose a threat to the safety of the arresting officers.

51. That REYES was not actively resisting arrest or attempting to evade arrest.

52. That defendant CITY, through its officers, agents, and employees, unlawfully subjected REYES to excessive force while effectuating his arrest.

53. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

54. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of REYES's rights, subjected REYES to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

55. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of REYES's civil rights, including but not limited to the right to be free from the application of excessive force.

56. That upon information and belief, in 2011, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

57. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

58. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

59. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of REYES's rights alleged herein.

60. By reason of the foregoing, REYES suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

61. Paragraphs 1 through 60 are hereby realleged and incorporated by reference herein.

62. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

63. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

64. That Defendants had no legal cause or reason to use excessive force in effectuating REYES's arrest or after REYES was arrested and in custody.

65. That at the time of the arrest, REYES did not pose a threat to the safety of the arresting officers.

66. That REYES was not actively resisting arrest or attempting to evade arrest.

67. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

68. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of REYES's rights, subjected REYES to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

69. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of REYES's civil rights, including but not limited to the right to be free from the application of excessive force.

70. By reason of the foregoing, REYES suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (Assault and Battery)

71. Paragraphs 1 through 70 are hereby realleged and incorporated by reference herein.

72. That Defendants intended to cause harmful bodily contact to REYES.

73. That defendant Defendants, in a hostile manner, voluntarily caused REYES'S injuries.

74. That Defendants' contact with REYES constituted a battery in violation of the laws of the State of New York.

75. That by reason of the foregoing, REYES suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### X. SIXTH CAUSE OF ACTION
### Pursuant to § 1983 (Denial of Fair Trial)

76. Paragraphs 1 through 75 are hereby realleged and incorporated by reference herein.

77. By fabricating evidence, defendants violated REYES's constitutional right to a fair trial.

78. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

79. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### XI. NINTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

80. Paragraphs 1 through 79 are hereby realleged and incorporated by reference herein.

81. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

82. That at all times Defendants were acting within the scope of their employment.

83. That Defendant CITY was able to exercise control over Defendants activities.

84. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, REYES suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, REYES has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, REYES respectfully requests that judgment be entered:

1. Awarding REYES compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding REYES punitive damages in an amount to be determined by a jury;

3. Awarding REYES interest from April 9, 2011 and

4. Awarding REYES reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED:   Brooklyn, New York
         September 27, 2011

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

---

**EXHIBIT A**

---

**THE AUTHORIZATIONS CONSTITUTING EXHIBIT A HAVE BEEN OMITTED FOR PRIVACY CONCERNS BUT HAVE BEEN SERVED UPON THE CITY OF NEW YORK.**